## BARRON v. MYERS.

APPEAL AND ERROR—STAY PENDING APPEAL—BOND—SUFFICIENCY.
Where, on a bill to set aside a deed, complainant has a decree
and is put in possession of the property, defendant's rights are
not properly protected pending appeal by requiring a bond
to answer for rents collected, but the bond should also obli-
gate complainant to pay all damages resulting from negli-
gence in failing to collect rents, failure to properly lease any
portion of the premises, and other negligence in the care and
management of the premises.

Appeal from Macomb; Tappan, J., presiding. Motion
submitted May 8, 1906. (Calendar No. 21,614.) Decided
July 23, 1906.

Bill by Theodore Barron against Addie E. Myers and
Merlin A. Myers to set aside a deed. From a decree for
complainant, defendants appeal: On motion for the ap-
pointment of a receiver pending the appeal. Granted
conditionally.

*Silas B. Spier*, for the motion.
*Byron R. Erskine*, contra.

McALVAY, J. This is an application by defendants
and appellants for the appointment of a receiver of cer-
tain property involved in a cause now pending in this
court on appeal from the circuit court for Macomb county
in chancery. On May 9, 1904, complainant filed his bill
of complaint in said court against defendants to set aside
a deed made by him August 11, 1903, to defendant Addie
E. Myers, of a certain brick store and office building in
Mt. Clemens, on the ground that the same was obtained
through false and fraudulent representations. He was
granted a decree in accordance with the prayer of his bill.

Defendants, pending a settlement of the case by the court, asked the court for a stay of proceedings pending their appeal. The motion was granted as to the collection of the complainant's costs, and the court required the complainant to furnish defendants a bond in the sum of $3,000, to pay and account to them, as provided in said order, for all rents collected pending the appeal and determination of the case in this court. Complainant at that time or immediately after went into possession of the premises in dispute. This application is made on the ground that his possession was improperly obtained, that he is financially irresponsible, and that his agent is lax in collecting rents, paying taxes, paying interest on a mortgage, and caring for the property; and they insist that, during the pendency of this suit, and until the case is finally decided, their interests should be protected in the manner requested.

The bond given by complainant is not adequate security. It does not protect defendant from negligence in the care and management of said building. The motion for the appointment of a receiver is granted, unless within 10 days complainant executes to defendant Addie E. Myers a bond in the penal sum of $6,000 with sureties approved by the clerk of this court, conditioned, in the event of the reversal of the decree of the lower court, upon his paying at once to said defendant all rents collected by him and not legally and properly disbursed, and upon paying all damages resulting from negligence in the care or management of said building. (This is intended to describe negligence in collecting rents, and in failing to properly lease any part of said building, as well as any other negligence in its care or management.)

An attorney fee of $10 is allowed petitioner as costs of this motion.

CARPENTER, C. J., and BLAIR, HOOKER, and MOORE, JJ., concurred.